IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| Kai Stumpf, individually, and as personal representative for the Estate of Siglinde Stumpf, Deceased, and on behalf of all people entitled to claim under the law, | § § § § § | C.A. NO. 3:12-cv-00099 |
| Plaintiff, | § § | |
| v. | § § | |
| Carnival plc, and Utopia Cruises, Inc., | § § § | |
| Defendants. | § | |

**MOTION FOR ISSUANCE OF**
**PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT**

COMES NOW, Plaintiff, Kai Stumpf, individually, and as personal representative for the Estate of Siglinde Stumpf, Deceased, and on behalf of all people entitled to claim under the law, by his attorneys, Gilman & Allison, LLP, and the Eaves Law Firm, and files this Motion for Issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and respectfully shows as follows:

1. At all material times, Plaintiff was a citizen and resident of Germany.

2. At all material times, Defendant Carnival plc ("Carnival") was and still is a foreign entity duly organized and existing under the laws of England and Wales with its office and principal place of business outside the State of Texas.

3. At all material times, Defendant Utopia Cruises, Inc. ("Utopia"), was and still is a foreign entity duly organized and existing under the laws of Panama with its office and principal place of business outside the State of Texas.

4. Plaintiff brought this action pursuant to 28 U.S.C. § 1333, the general maritime law and Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions, Rule B, Federal Rules of Civil Procedure and the Death on the High Seas Act, supplemented by the laws of Italy, for the death of Siglinde Stumpf, and on behalf of all people entitled to claim under the law for personal injuries sustained while onboard the MS *Costa Concordia*. Plaintiff's Verified Original Complaint and Request for Mandatory Injunctive Relief pursuant to Rule B of the Federal Rules of Civil Procedure, alleges Carnival plc is an alter ego of Utopia Cruises, Inc. (owner, operator and manager of the MS *Carnival Triumph*), and in reality Carnival plc is the true and beneficial owner not only of the MS *Carnival Triumph*, currently or soon to be located in this District, but also the MS *Costa Concordia*, upon which Decedent Stumpf was killed. Therein Plaintiff has pled claims premised upon maritime tort(s) committed by Defendants and/or those for whom they are legally responsible, and Defendants, if found liable, are jointly-and-severally liable for any judgment or verdict entered herein. Plaintiff's allegations in his Original Verified Complaint and Request for Mandatory Injunctive Relief are incorporated by reference.

5. Accompanying Plaintiff's Original Verified Complaint and Request for Mandatory Injunctive Relief is the Verification of Douglas T. Gilman under Rule B which states that Plaintiff is informed and believes that none of the officers of Defendants are now within the Southern District of Texas, that Defendants do not maintain offices or telephone listings within the Southern District of Texas, that Defendants are neither incorporated nor registered to do business in the State of Texas, that Defendants do not have registered agents for the receipt of service of process in the State of Texas, and that, therefore, Defendants cannot be found within the Southern District of Texas for purposes of Rule B.

6. Plaintiff is informed and believes that Defendants do now or will during the pendency of this action have tangible and intangible personal property within the Southern District of Texas. Specifically, Plaintiff is informed and believes that Defendants are the owners of the MS *Carnival Triumph*, and that the vessel is now or will be during the pendency of this action within the Southern District of Texas.

7. Additionally, Plaintiff is informed and believes that the Master of the MS *Carnival Triumph*, has in his possession, custody or control, tangible and intangible personal property aboard the MS *Carnival Triumph*, which belong to, are the property of, are held in a fiduciary capacity for, or are otherwise claimed by Defendants, and that the tangible and intangible personal property is now within the Southern District of Texas and subject to Plaintiff's claim for attachment and garnishment.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order authorizing the issuance of Process of Maritime Attachment and Garnishment and the attachment and garnishment of the tangible and intangible personal property belonging to Defendants, specifically authorizing and directing the United States Marshal to seize and attach the MS *Carnival Triumph* as property belonging to Defendants found within this jurisdiction in an amount equal to US$10,000,000 (representing the total claims of Plaintiff), plus pre- and post-judgment interest in an amount to be determined by the Court.

Dated: March 30, 2012        Respectfully submitted,

**GILMAN ✤ ALLISON LLP**

*/s/ Douglas T. Gilman*
Douglas T. Gilman
State Bar No. 24048496
Federal I.D. No. 19897
9307 Broadway, Suite 407
Pearland, TX 77584
Telephone:    888 225 5767
Facsimile:    866 543 3643
Email:    dgilman@gilmanallison.com
ATTORNEY-IN-CHARGE FOR PLAINTIFF

3

**OF COUNSEL**:

GILMAN ✳ ALLISON LLP
Brenton J. Allison
State Bar No. 24040417
Federal I.D. No. 36863
Email: ballison@gilmanallison.com

EAVES LAW FIRM
John Arthur Eaves, Sr.
State Bar No. 00795951
101 North State Street
Jackson, MS 39201-2811
Telephone:   601 355 7961
Email:   johnjr@eaveslaw.com